# EXHIBIT A

Walmart
Save money. Live better.

# Email/Fax Coversheet

To: Walmart Legal / Central Intake

Date: 10/21/24

Fax: 479-277-5991

Email: **Legal@walmartlegal.com**

Name: Iris Ramos

Store or Club Number: 5103

Date Received: -

Total Pages: 56 w/cover

Hearing Date:

*Instructions: Fax or email documents with coversheet to Central Intake and retain the original for your records.*

Store Comments:

Proof

Serve Documents

# Walmart Stores East, LP.

Primary Address

4600 Roosevelt Blvd., Bldg G, Philadelphia, PA 19124

**Serve By**
4 attempts by October 20th

**Speed**
Standard

**Servee Information**

| | |
|---|---|
| Type | Entity |
| Name | Walmart Stores East, LP. |
| Primary Address | Residential - 4600 Roosevelt Blvd., Bldg G, Philadelphia, PA 19124 |
| Physical Description | None |
| Additional Notes | None |

**Job Information**

| | |
|---|---|
| Job Number: | 695602 |
| Matter Number/Name | 2024-73543 |
| Witness Fee | None |
| Subpoena | No |
| Related to an Eviction | No |
| Linked Job(s)? | Crystal Lloyd, Dwayne Hamilton, Latoya McLean |

**Documents List**

1. Walmart Stores East, LP Complaint and Discovery

**Client Specifications**

| | |
|---|---|
| 3 attempts required always | Client requires 3 attempts at each address even if determined a bad address or vacant for due diligence. |

Proof

Serve Documents

# Walmart Stores East, LP.

Primary Address

4600 Roosevelt Blvd., Bldg G, Philadelphia, PA 19124

**Attempt Log**

| Date | Description |
|---|---|
| | |
| | |
| | |
| | |

**Pennsylvania Serve Rules**

**Notary**
Required if not sherrif

**Civil Subpoenas: No Special Rules**

**Can serve on Sundays**

**INDIVIDUAL 14+**
+ Personal + Substituted + Dwelling/house/Usual place of abode - Family member living there 18 years or older + Work/Business
- Leave with person in charge + Residing in Hotel/Boarding Room - Manager of Hotel/Boarding Room/etc.

**PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS**
+ Registered agent, clerk on duty in the office of a registered agent, partner or general partner - Substituted service per above upon the registered agent, officer, or director - Sub service on any clerk or agent of the corporation who may be found in the county where the action is filed

**CORPORATIONS**
+ Registered agent, clerk on duty in the office of a registered agent, officer, or director of the corporation - Substituted service per above upon the registered agent, officer, or director - Sub service on any clerk or agent of the corporation who may be found in the county where the action is filed

**LLC**
+ Registered agent, clerk on duty in the office of a registered agent, manager, or member - Substituted service per above upon the registered agent, officer, or director - Sub service on any clerk or agent of the corporation who may be found in the county where the action is filed

**PUBLIC ENTITY - STATE**
+ Attorney General, or a person designated by the Attorney General in office

**PUBLIC ENTITY - COUNTIES, CITIES, ETC**
+ Presiding officer of the governing body or their agent

**MINOR OR INCAPACITED PERSON**
+ Individually or Parent, Guardian, conservator of Estate

**POSTING (EVICTIONS)**
+ Allowed

Marc I. Simon, Esquire ♦
Michelle Skalsky-Simon, Esquire (Retired)
Joshua A. Rosen, Esquire ~
Matthew J. Zamites, Esquire ~
Brian F. George, Esquire ♦♦
Michael K. Simon, Esquire ~
Mary G. McCarthy, Esquire ~
Joshua D. Baer, Esquire ~
Amanda Nese, Esquire ~
Ashley Henkle, Esquire ~
Brittany Sturges, Esquire ~
Daniel Ward, Esquire ♦
Carleigh Baldwin, Esquire++
Roman Galas, Esquire ♦
Ryan Flaherty, Esquire ~
Samuel Gangemi, Esquire♦
Abigail Boyd, Esquire~
Paraskevoula Mamounas, Esquire +++

~ Licensed in PA
♦ Licensed to practice in PA & NJ
♦♦ Licensed to practice in PA & MA
+ Licensed to practice in NJ
++ Licensed to practice in MA
+++ Licensed to practice in PA, NY &NJ

SIMON & SIMON, PC
INJURY LAWYERS
Headquarters
18 Campus Blvd | Suite 100
Newtown Square, PA 19073
Tel: (215) 467-4666 | Fax: (267) 639-9006

Kane Daly, Esquire ~
Anthony Canale, Esquire ♦
Richard Santosusso, Esquire ♦
Harry Gosnear, Esquire ♦
Christopher Green, Esquire ♦
Adam Holtman, Esquire++
Andrew Baron, Esquire~
Charles Williams, Esquire ♦
Christopher Burruezo, Esquire ♦
Jessica Thimons, Esquire ~
Sam Reznik, Esquire ~
Mackenzie Bince, Esquire++
Edward Costello, Esquire+
Matthew Kirouac, Esquire++
Rachel Rosenfeld, Esquire ♦
Nicole Hatton, Esquire ♦

marcsimon@gosimon.com
www.gosimon.com

**Via Process Server**
Walmart Stores East, LP.
4600 Roosevelt Blvd., Bldg G
Philadelphia, PA 19124

RE: Lawsuit Filed Against You
Docket Number: 241000015

Dear Sir/Madam:

Please find the enclosed Discovery Requests. Please turn this matter over to your insurance carrier.

Very truly yours,

**SIMON & SIMON, PC**
/s
MARC I. SIMON

THIS IS NOT AN ARBITRATION COMPLAINT.
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

Filed and Attested by the
Office of Judicial Records
30 SEP 2024 04:54 pm
A. BREWINGTON

**SIMON & SIMON, P.C.**
BY: Marc I. Simon, Esquire
Joshua A. Rosen, Esquire
Matthew J. Zamites, Esquire
Brian F. George, Esquire
Michael K. Simon, Esquire
Andrew Baron, Esquire
Chad Williams, Esquire
Joshua Baer, Esquire
Sam Reznik, Esquire
Mary G. McCarthy, Esquire
Harry Gosnear, Esquire
Daniel Ward, Esquire
Christopher Green, Esquire
Kane Daly, Esquire
Brittany Sturges, Esquire
Roman Galas, Esquire
Christopher Burruezo, Esquire
Anthony Canale, Esquire
Sam Gangemi, Esquire
Abigail Boyd, Esquire
Paraskevoula Mamounas, Esquire
Richard Santosusso, Esquire
Nicole Hatton, Esquire
Rachel Rosenfeld, Esquire
Nicola Serianni, Esquire
Katherine Rice, Esquire

Attorney ID No.'s:
*201798*
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

***Attorneys for Plaintiff***

| | | |
|---|---|---|
| Leona Bryant<br>1627 W Venango St., #2<br>Philadelphia, PA 19140<br>Plaintiff | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>Sept Term 2024 |
| v. | : | No. |
| Walmart Stores East, LP.<br>4600 Roosevelt Blvd., Bldg G<br>Philadelphia, PA 19124<br>And | : | |
| Dwayne Hamilton<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | : | |
| Latoya McLean<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | : | |
| Crystal Lloyd<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | : | |

BREIT NE Roosevelt Owner LLC :
233 S Wacker Dr, Suite 4200, :
Chicago, IL 60606 :
And :
Shopcore Properties, LP :
50 South 16th St. Suite 3325, :
Philadelphia, PA 19102 :
And :
ShopCore Properties TRS Management LLC:
50 South 16th St. Suite 3325, :
Philadelphia, PA 19102 :
Defendants :

# NOTICE TO DEFEND

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND INFORMATION SERVICE**
**One Reading Center**
**Philadelphia Pennsylvania 19107**
**Telephone: (215) 238-6300**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Teléfono: (215) 238-6300**

**COMPLAINT**

1. Plaintiff, Leona Bryant, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the above caption of this Complaint.

2. Defendant, Walmart Stores East, LP., is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 4600 Roosevelt Boulevard, Bldg G, Philadelphia, PA 19124.

3. Defendant, ShopCore Properties TRS Management LLC, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 4600 Roosevelt Boulevard, Bldg G, Philadelphia, PA 19124.

4. Defendant, Shopcore Properties, LP, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 4600 Roosevelt Boulevard, Bldg G, Philadelphia, PA 19124.

5. Defendant, BREIT NE Roosevelt Owner LLC, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 4600 Roosevelt Boulevard, Bldg G, Philadelphia, PA 19124.

6. Defendant, Crystal Lloyd, is a resident in the Commonwealth of Pennsylvania, with a address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 4600 Roosevelt Boulevard, Bldg G, Philadelphia, PA 19124.

7. Defendant, Latoya McLean, is a resident in the Commonwealth of Pennsylvania, with a address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 4600 Roosevelt Boulevard, Bldg G, Philadelphia, PA 19124.

8. Defendant, Dwayne Hamilton, is a resident in the Commonwealth of Pennsylvania, with a address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 4600 Roosevelt Boulevard, Bldg G, Philadelphia, PA 19124.

9. Upon information and belief, Defendant regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

10. At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 4600 Roosevelt Boulevard, Bldg G, Philadelphia, PA 19124., referred to hereinafter as "the premises."

11. On or about December 18, 2023, at approximately 5:00PM, Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

12. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

13. On or about December 18, 2023, while on Defendants' premises Plaintiff was caused to slip and fall on a liquid substance that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

14. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

**COUNT I**
**Leona Bryant v. Dwayne Hamilton**
**Negligence**

15. The negligence of Defendants consisted of, inter alia, the following:

a. negligently and carelessly training employees in the areas of inspecting the facility to identify slip or trip hazards, placing cones or other warnings at or near slip or trip hazards, cleaning / removing spills or debris and other slip / trip hazards, including rubber / plastic straps from the floor in a timely manner and documenting these activities.

b. negligently and carelessly supervising employees inspecting the facility to identify slip or trip hazards, placing cones or other warnings at or near slip or trip hazards and/or removing debris from the floor in a timely manner and documenting these activities.

c. negligently and carelessly personally inspecting the floors of the facility to identify slip or trip hazards.

d. negligently and carelessly placing cones and/or other warnings at or near the slip or trip hazard to warn customers of the slip or trip hazard and/or prevent access to the area by customers including the specific location inside the store where Plaintiff tripped and fell.

e. negligently and carelessly cleaning or otherwise attempting to remove the slip or trip hazard to make the subject area safe for customers.

f. negligently and carelessly maintaining the cleanliness of the floors within the facility.

g. negligently and carelessly documenting any inspections, placement of warning devices, attempts to remove the hazard and identify the employees who performed or participated in these safety related tasks.

h. negligently and carelessly investigating, reporting or otherwise documenting the Plaintiff's incident that occurred

i. negligently and carelessly performing the duties as the manager or person otherwise in charge pursuant to standard operating procedures

j. negligently, carelessly and knowingly deviating from the standard operating procedures and/or policies related to: safety inspections within the facility; monitoring employees inspecting the floors; placing warning signs / cones to alert invitees of slip / trip hazards; cleaning debris / slipping hazards, including the specific condition on the floor that caused Plaintiff to trip and fall in a timely manner; reporting Plaintiff's incident and preserving evidence, i.e. photos of the slip / trip hazard, incident reports, witness statements, etc.

16. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the back and butt, all to Plaintiff's great loss and detriment.

17. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

18. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

19. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

20. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Leona Bryant, demands judgment in Plaintiff's favor and against Defendant, Dwayne Hamilton, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT II**
**Leona Bryant v. Latoya McLean**
**Negligence**

21. The negligence of Defendants consisted of, inter alia, the following:

a. negligently and carelessly training employees in the areas of inspecting the facility to identify slip or trip hazards, placing cones or other warnings at or near slip or trip hazards, cleaning / removing spills or debris and other slip / trip hazards, including rubber / plastic straps from the floor in a timely manner and documenting these activities.

b. negligently and carelessly supervising employees inspecting the facility to identify slip or trip hazards, placing cones or other warnings at or near slip or trip hazards and/or removing debris from the floor in a timely manner and documenting these activities.

c. negligently and carelessly personally inspecting the floors of the facility to identify slip or trip hazards.

d. negligently and carelessly placing cones and/or other warnings at or near the slip or trip hazard to warn customers of the slip or trip hazard and/or prevent access to the area by customers including the specific location inside the store where Plaintiff tripped and fell.

e. negligently and carelessly cleaning or otherwise attempting to remove the slip or trip hazard to make the subject area safe for customers.

f. negligently and carelessly maintaining the cleanliness of the floors within the facility.

g. negligently and carelessly documenting any inspections, placement of warning devices, attempts to remove the hazard and identify the employees who performed or participated in these safety related tasks.

h. negligently and carelessly investigating, reporting or otherwise documenting the Plaintiff's incident that occurred

i. negligently and carelessly performing the duties as the manager or person otherwise in charge pursuant to standard operating procedures

j. negligently, carelessly and knowingly deviating from the standard operating procedures and/or policies related to: safety inspections within the facility; monitoring employees inspecting the floors; placing warning signs / cones to alert invitees of slip / trip hazards; cleaning debris / slipping hazards, including the specific condition on the floor that caused Plaintiff to trip and fall in a timely manner; reporting Plaintiff's incident and preserving evidence, i.e. photos of the slip / trip hazard, incident reports, witness statements, etc.

22. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

25. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Leona Bryant, demands judgment in Plaintiff's favor and against Defendant, Latoya McLean, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT III**
**Leona Bryant v. Crystal Lloyd**
**Negligence**

26. The negligence of Defendants consisted of, inter alia, the following:

a. negligently and carelessly training employees in the areas of inspecting the facility to identify slip or trip hazards, placing cones or other warnings at or near slip or trip hazards, cleaning / removing spills or debris and other slip / trip hazards, including rubber / plastic straps from the floor in a timely manner and documenting these activities.

b. negligently and carelessly supervising employees inspecting the facility to identify slip or trip hazards, placing cones or other warnings at or near slip or trip hazards and/or removing debris from the floor in a timely manner and documenting these activities.

c. negligently and carelessly personally inspecting the floors of the facility to identify slip or trip hazards.

d. negligently and carelessly placing cones and/or other warnings at or near the slip or trip hazard to warn customers of the slip or trip hazard and/or prevent access to the area by customers including the specific location inside the store where Plaintiff tripped and fell.

e. negligently and carelessly cleaning or otherwise attempting to remove the slip or trip hazard to make the subject area safe for customers.

f. negligently and carelessly maintaining the cleanliness of the floors within the facility.

g. negligently and carelessly documenting any inspections, placement of warning devices, attempts to remove the hazard and identify the employees who performed or participated in these safety related tasks.

h. negligently and carelessly investigating, reporting or otherwise documenting the Plaintiff's incident that occurred

i. negligently and carelessly performing the duties as the manager or person otherwise in charge pursuant to standard operating procedures

j. negligently, carelessly and knowingly deviating from the standard operating procedures and/or policies related to: safety inspections within the facility; monitoring employees inspecting the floors; placing warning signs / cones to alert invitees of slip / trip hazards; cleaning debris / slipping hazards, including the specific condition on the floor that caused Plaintiff to trip and fall in a timely manner; reporting Plaintiff's incident and preserving evidence, i.e. photos of the slip / trip hazard, incident reports, witness statements, etc.

27. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the back and butt, all to Plaintiff's great loss and detriment.

28. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

29. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

30. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

31. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Leona Bryant, demands judgment in Plaintiff's favor and against Defendant, Crystal Lloyd, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT IV**
**Leona Bryant v. Walmart Stores East, LP.**
**Negligence**

32. The negligence of Defendants consisted of, inter alia, the following:

a. Failure to clean up the liquid substance;
b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;
c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;
d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

33. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the back and butt, all to Plaintiff's great loss and detriment.

34. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

35. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

36. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

37. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Leona Bryant, demands judgment in Plaintiff's favor and against Defendant, Walmart Stores East, LP., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT V**
**Leona Bryant v. BREIT NE Roosevelt Owner LLC**
**Negligence**

38. The negligence of Defendants consisted of, inter alia, the following:

a. Failure to clean up the liquid substance;

b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

39. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or

aggravation of pre-existing conditions, and others ills and injuries, including to the back and butt, all to Plaintiff's great loss and detriment.

40. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

41. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

42. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

43. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Leona Bryant, demands judgment in Plaintiff's favor and against Defendant, BREIT NE Roosevelt Owner LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT VI**
**Leona Bryant v. Shopcore Properties, LP**
**Negligence**

44. The negligence of Defendants consisted of, inter alia, the following:

a. Failure to clean up the liquid substance;

b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

45. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the back and butt, all to Plaintiff's great loss and detriment.

46. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

47. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

48. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

49. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Leona Bryant, demands judgment in Plaintiff's favor and against Defendant, Shopcore Properties, LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT VII**
**Leona Bryant v. ShopCore Properties TRS Management LLC**
**Negligence**

50. The negligence of Defendants consisted of, inter alia, the following:

a. Failure to clean up the liquid substance;

b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

51. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the back and butt, all to Plaintiff's great loss and detriment.

52. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

53. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

54. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

55. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Leona Bryant, demands judgment in Plaintiff's favor and against Defendant, ShopCore Properties TRS Management LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, PC

/s

MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff*

**VERIFICATION**

I, Marc I. Simon, hereby state that I am the attorney for Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Marc I. Simon

DocuSign Envelope ID: C18F4AC9-8FDF-4481-BDD6-32A1AF5BBF98

**VERIFICATION**

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:
[signature]
FFF23B673CA4428...

**SIMON & SIMON, P.C.**
Marc I. Simon, Esquire
*Attorney for Plaintiff*
Attorney I.D. No. 201798
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666

| | | |
|---|---|---|
| Leona Bryant<br>1627 W Venango St., #2<br>Philadelphia, PA 19140<br>Plaintiff<br>v. | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>Sept Term 2024<br><br>No. |
| Walmart Stores East, LP.<br>4600 Roosevelt Blvd., Bldg G<br>Philadelphia, PA 19124<br>And | : | |
| Dwayne Hamilton<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | : | |
| Latoya McLean<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | : | |
| Crystal Lloyd<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | : | |
| BREIT NE Roosevelt Owner LLC<br>233 S Wacker Dr, Suite 4200,<br>Chicago, IL 60606<br>And | : | |
| Shopcore Properties, LP<br>50 South 16th St. Suite 3325,<br>Philadelphia, PA 19102<br>And | : | |
| ShopCore Properties TRS Management LLC<br>50 South 16th St. Suite 3325,<br>Philadelphia, PA 19102<br>Defendants | : | |

**PLAINTIFF'S(S') REQUESTS FOR ADMISSIONS - SET I**
**Premises Liability Cases**

Pursuant to Pennsylvania Rule of Civil Procedure 4014, Defendant(s) is required to admit or deny, with verification and within thirty (30) days, the truth of the below statements.

If your response is not an unequivocal admission, then pursuant to Pennsylvania Rules of Civil Procedure 4006 and 4009.12, you are required to set forth all facts and to identify and produce all documents explaining why your response is not an unequivocal admission

**DEFINITIONS**

Plaintiff incorporates the definitions set forth in Plaintiff's(s') Interrogatories and Request for Production of Documents previously served upon Defendant(s).

**RULES OF CONSTRUCTION**

In construing these discovery requests:

1. The singular shall include the plural and plural shall include the singular.
2. A masculine, feminine or neuter pronoun includes the other genders.
3. "And" and "or" shall be construed both conjunctively and disjunctively to bring within the scope of the document requests any information which might otherwise be construed to be beyond its scope.
4. The past tense includes the present tense where the meaning is not distorted by a change of time.

**INSTRUCTIONS**

1. In response to each request for admission, you shall admit the matter in question, specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

2. If you deny any request for admission, the denial shall fairly meet the substance of the requested admission and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

3. The fact that a matter of which an admission is requested presents a genuine issue for trial is not grounds for objecting to the request for admission.

4. If you assert a claim of privilege or work product in responding or objecting to any request for admission, and information is not provided on the basis of such assertion:

a. identify the nature of the privilege asserted;

b. if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked;

c. with respect to the information requested, state whether any documents exist; and

d. with respect to the information requested, state whether any oral communications took place.

5. You shall timely supplement their answers to these requests for admission.

**REQUESTS FOR ADMISSION TO EACH DEFENDANT**
**PURSUANT TO Pa.R.C.P. 4014**

1. There are no other entities, persons, agencies and/or any parties which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property identified in Plaintiff's Complaint, including those delegated such responsibilities by the Defendant and/or any other parties.

**ANSWER**

2. There were no video cameras or other recording devices which, if working, would have recorded the area of where Plaintiff's accident occurred at the time of said accident.

**ANSWER**

3. There were video cameras or other recording devices which recorded the area of where Plaintiff's accident occurred at the time of said accident, but said devices were inoperable at said time.

**ANSWER**

4. There were video cameras or other recording devices which recorded the area of where Plaintiff's accident occurred at the time of said accident and said devices were operable at said time but no video or other media was recoverable from said devices.

**ANSWER**

5. If any of your responses request for admissions #'s 1-4 are anything other than a denial, we hereby request you supply us with a copy of the video.

**INTERROGATORY**

1. If any of your responses to requests for admissions are anything other than unqualified admissions, set forth all facts, witnesses and documents upon which the denials or partial denials are based.

**RESPONSE:**

## REQUEST FOR PRODUCTION

1. Produce any and all documents reviewed, relied upon, or identified in answering the preceding requests.

**RESPONSE:**

BY: /s
Marc I. Simon, Esquire

DATE: October 4, 2024

**SIMON & SIMON, P.C.**
Marc I. Simon, Esquire
*Attorney for Plaintiff*
Attorney I.D. No. 201798
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666

| | | |
|---|---|---|
| Leona Bryant<br>1627 W Venango St., #2<br>Philadelphia, PA 19140<br>Plaintiff | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>Sept Term 2024 |
| v. | : | No. |
| Walmart Stores East, LP.<br>4600 Roosevelt Blvd., Bldg G<br>Philadelphia, PA 19124<br>And | : | |
| Dwayne Hamilton<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | : | |
| Latoya McLean<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | : | |
| Crystal Lloyd<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | : | |
| BREIT NE Roosevelt Owner LLC<br>233 S Wacker Dr, Suite 4200,<br>Chicago, IL 60606 | : | |

And :
Shopcore Properties, LP :
50 South 16th St. Suite 3325, :
Philadelphia, PA 19102 :
And :
ShopCore Properties TRS Management LLC:
50 South 16th St. Suite 3325, :
Philadelphia, PA 19102 :
Defendants :

## PLAINTIFF'S(S') INTERROGATORIES ADDRESSED TO DEFENDANT(S)

Pursuant to the Pennsylvania Rules of Civil Procedure, the Plaintiff(s) hereby serve(s) the following interrogatories upon Defendant(s), to be answered separately and fully, in writing, under oath, within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

A. "You" or "your" shall mean Defendant(s), his/her agents, employees, attorneys, representatives, insurance companies, claims managers, adjusters and all other persons acting or purporting to act for or on his behalf.

B. "Property" and/or "Premises" shall mean the location reference in Plaintiff's(s') Complaint where Plaintiff's(s') alleged fall occurred.

C. "Person" or "persons" shall mean any natural individual or any corporation, firm, partnership, proprietorship, association, business, governmental entity, joint venture, board, authority, commission, agency, or other entity or organization.

D. "Document" shall mean any original, written, type written, handwritten, printed, electronic or recorded material, and any tapes or disks and copies of transcripts thereof, now or at any time in your possession, custody or control; without limiting the generality of the foregoing definition, but for purposes of illustration, "document" includes any letter, internal accident or incident report, memorandum, note, log book, note book, electronic mail, contract, agreement, workpaper, audit paper, spread sheet, study, report, record, calendar, notice, deposition, minutes of meetings of Board of Directors or of shareholders of a corporation, job minutes, program,

computation, accounting sheet, work pad, diary, legal opinion, message, telegram, brochure, computer printout, invoice, billing, graph, projection, financial statement, balance sheet, journal entry, confirmation, blueprint, architectural drawings, advice or other items, whether in manuscript, handwritten, typewritten, printed, electronic, magnetic, or other forms of recordation of any kind, and whether in original or in copy form.

E. "Identify" or "identity," when used with reference to a natural person, means to state: (a) his or her full name, address and telephone number (whether present or last known) and (b) the full name, address and telephone number of each of his or her employers (whether present or last known).

F. "Identify" or "identity," when used with reference to a person other than a natural person, means to state: (a) the full name of the entity, the type of entity (*e.g.*, corporation, partnership, etc.), its jurisdiction and date of incorporation or organization, the address and telephone number of its principal place of business, its principal business activity, and all jurisdictions in which it transacts or is licensed to transact business; and (b) the identity of the natural person or persons within the entity who made or were involved in making the decision, act or transaction in question.

G. "Identify" or "identity," when used with reference to a document, means to state: (a) the identity of the person who prepared it; (b) the identity of the person who signed it and/or over whose name it was issued; (c) the identity of the person to whom it was addressed or distributed and/or who received it; (d) its nature and substance; (e) its date and the date on which it was prepared; (f) each of its identifying numbers, titles, subject matter or reference designations; and (g) its present location(s) and the identity of its custodian(s). If any document which you are requested to identify is no longer in your possession, custody or control or is no

longer in existence, in addition to providing all of the information requested in the previous sentence, state also: (a) whether such document is missing, lost, destroyed, transferred to other persons, or the manner in which it was otherwise disposed or discarded; (b) the authorization for such disposition; (c) the date of such disposition; and (d) the present location and custodian of such document.

H. "Identify" or "identity," when used in reference to a communication, shall mean to state: (a) the date when the communication occurred; (b) the type of communication (*e.g.*, meeting, telephone, etc.); (c) the identity of the persons who made and who received the communication; (d) the place(s) where the communication was made and where it was received; (e) the identity of the person(s) who was present when the communication was made and/or received; and (f) the identity of all documents that refer or relate to the communication.

I. "Incident," "Accident," or "Occurrence" shall refer to Plaintiff's(s') claimed fall referenced in Plaintiff's Complaint in this matter.

## II. <u>RULES OF CONSTRUCTION</u>

In construing these discovery requests:

A. The singular shall include the plural and plural shall include the singular.

B. A masculine, feminine or neuter pronoun includes the other genders.

C. "And" and "Or" shall be construed both conjunctively and disjunctively to bring within the scope of the Interrogatory any information which might otherwise be construed to be beyond its scope.

D. The past tense includes the present tense where the meaning is not distorted by a change of time.

## III. CLAIMS OF PRIVILEGE

If you withhold any information, including any document or communication, sought by any discovery request on the basis of a claim of privilege, work product or any reason, you must: (1) state the nature of the privilege claimed or the basis for withholding the information requested and as to the specific information withheld; (2) if pertinent, identify the attorney with respect to whom the privilege is claimed; (3) identify every communication or document which refers or relates to the information; (4) if pertinent, identify each person who heard or may have heard the communication; (5) if pertinent, identify each person who read, received, or possessed the document or a copy of the document; and (6) if pertinent, identify any portion of the document or communication that is not privileged.

## IV. INSTRUCTIONS

A. Where requested, you are to produce all documents within your possession, custody or control.

B. Each Interrogatory is to be answered by you separately and fully, in writing and under oath, within thirty (30) days after service of these interrogatories, unless it is objected to, in which event the reasons for the objection should be stated in a manner which would enable the Court to decide on the merit of the objection.

C. When a complete answer to a particular discovery request is not possible, the discovery request must be answered to the extent possible and a statement made indicating why only a partial answer is given and what must occur before a complete answer may be given.

D. In lieu of identifying any document or communication, you may attach a true copy of such document or communication as an exhibit to your answers to these interrogatories along

with an explicit reference to the Interrogatory to which each such attached document or communication relates.

E. If you object to any portion of an Interrogatory, provide all information called for by that portion of the interrogatory to which you do not ob

F. These interrogatories shall be deemed continuing, so as to require additional answers if further information is obtained between the time the answers are served and the time of trial. Such additional answers shall be served not later than ten (10) days after such additional information is received or before trial, whichever is earlier.

G. You are cautioned that at the close of discovery, Plaintiff(s) may move to exclude any evidence or testimony not disclosed in your responses to these interrogatories.

**PLAINTIFF'S(S') INTERROGATORIES DIRECTED TO DEFENDANT(S)**

1. Identify, by name, title, residence and business address(es), the following individuals:

(a) All persons who last examined or inspected the Property and the area in and around the specific location of the Incident, prior to the Incident;
**ANSWER**

(b) All persons who first examined or inspected the area in and around the specific location of the Incident, subsequent to the Incident;
**ANSWER**

(c) All persons who installed, removed, or altered in any way any object in and around the area where the Incident occurred.
**ANSWER**

(d) All persons present on the Property on the date of the Incident.

**ANSWER**

(e) All employees and/or independent contractors employed by Defendant(s) prior to, on and/or subsequent to the date of the Incident.

**ANSWER**

(f) All Statements obtained by or on behalf of Defendants, or any other Statements known or believed by Defendant(s) to have been obtained from any of the persons identified in (a), (b), (c), (d), and/or (e) identify all persons providing such statements, whether the said Statements were written or oral, and identify all persons in possession, custody and/or control of such Statements.

**ANSWER**

2. Except as set forth in 1 above, identify, by name, title, residence and business address(es) and their employers, all persons, including potential expert witnesses (and their field of expertise), from whom Defendant(s)or anyone acting on Defendant's(s') behalf has obtained any information as to how the Accident happened, the cause of the Accident or alleged resulting injuries.

**ANSWER**

3. Did Defendant, or anyone acting on behalf of the Defendant, receive any reports or complaints from any source prior to the Accident, concerning the conditions of the Property including, but not limited to the area around the specific location where the incident occurred? If so, state:

(a) When:

(b) From whom received:

(c) The nature of each such report or complaint;

(d) Any and all action(s) taken by Defendant(s) in response thereto:

(e) The name, address and job title of the person(s) who has custody, possession and/or control of such reports or complaints.

**ANSWER**

4. Were any repairs or changes made to area around the specific location of the Incident or the Property in general after the accident occurred? If so, state when they were made, the kind of repairs or changes made, and identify who made such repairs or changes, as well as whose decision it was to initiate the repairs or changes.

**ANSWER**

5. Set forth the names and addresses of all persons, other than the Plaintiff, who have made a claim against the Defendant(s) for injuries or damages allegedly occurring in substantially the same area and/or manner and/or relating to slipping and/or falling at the Defendant's(s') property during the time the property was owned by Defendant(s), preceding this accident. If lawsuits have been filed concerning any of those claims, state the Commonwealth or State and County in which suit was filed, court term and number.

**ANSWER**

5(a). Set forth the names and addresses of all persons, other than the Plaintiff, who have made a claim against the Defendant(s) for injuries or damages allegedly occurring in substantially the same area and/or manner and/or relating to slipping and/or falling at the Defendant's(s') property during the time the property was owned by Defendant(s), from the date of this accident through today. If lawsuits have been filed concerning any of those claims, state the Commonwealth or State and County in which suit was filed, court term and number.

**ANSWER**

6. At the time of the accident, were the premises where the Accident occurred possessed, controlled and/or maintained by the Defendant(s)? If not, identify who did possess, control and/or maintain them.

**ANSWER**

7. Are the premises where the Accident occurred owned or leased by the Defendant(s). If leased, state:

(a) From who said premises are leased:

(b) Date of said lease;

**ANSWER**

8. State any violations of the local, Township and/or County Ordinances or Codes for which Defendant(s)or anyone acting on Defendant's(s') behalf were cited regarding the Property as well as the date of said violations and attach copies of all citations and/or violations.

**ANSWER**

9. Were there any signs, barriers, or anything else at or near the scene of the alleged accident (or instrumentality) warning of any problems, or defects to the Property, including but not limited to the specific area where the Plaintiff(s) fell? If so, state:

(a) When said warnings were placed at the scene and by whom:

(b) Describe exactly, what the warning was and the exact dimensions of said warning.

(c) The exact location of said warning.

**ANSWER**

10. State whether or not the Defendant(s) or anyone acting on behalf of the Defendant(s) is in the possession, custody and/or control of or knows of the existence of any photographs, sketches, reproductions, charts, maps or diagrams of the scene of the Accident, and if so, state:

(a) The date(s) they were taken or made;

(b) The name, title, residence and business address of the person(s) taking them and in the possession, custody and/or control of them;

(c) The subject or object of the particular site or view of each of them.

**ANSWER**

11. Is Defendant's(s') name correct as it appears in the complaint? If not, provide the correct name for purposes of litigation.

**ANSWER**

12. Was/were Defendant(s) insured by any carrier for liability and/or excess (i.e. "umbrella") benefits applicable to the Accident? If so, identify by name and address the insurance carrier and the exact name of the insured and the amount of applicable liability insurance benefits.

**ANSWER**

13. If you contend that Plaintiff(s) was/were guilty of comparative negligence, then fully and specifically describe upon what conduct, acts or omissions of Plaintiff you base your contention. If you contend that any other party, person and/or entity is responsible for Plaintiff's injuries, damages and/or losses, then fully and specifically describe upon what conduct, acts or omissions of such party, person and/or entity you base your contention.

**ANSWER**

14. If you have engaged, or expect to engage healthcare professionals' and/or other expert witnesses (i.e. accident reconstructionist), whom you intend to have testify or whose report you intend to submit at trial on your behalf on any matter pertaining to this action, state:
Finter

(a) The name of the expert;

(b) The expert's professional address;

(c) The expert's occupation;

(d) The expert's specialty;

(e) The expert's qualifications (i.e. Curriculum Vitae);

(f) The topic or subject matter upon which expert is expected to testify;

(g) The substance of the facts to which the expert is expected to testify;

(h) The substance of the opinion to which the expert is expected to testify;

(i) A summary of the grounds for each opinion the expert is expected to testify.

**ANSWER**

15. If you, your attorney or any representative of yours, conducted any sound, photographic, motion picture film, personal sight or any other type of surveillance of the Plaintiff, state:

(a) By whom (name and address of company and individual);

(b) The date(s) of such surveillance;

(c) The time(s) of such surveillance;

(d) The location(s) of such surveillance;

(e) The method by which such surveillance was made;

(f) A summary of what such surveillance reveals.

**ANSWER**

16. At the time of the alleged accident or immediately thereafter, did you (or your agent(s), servant(s), worker(s) and/or employee(s) have any conversation(s) with or make any statement(s) to any of the parties or witnesses, or did any of them make any statement(s) to you or in your presence. If so, state the substance of any such conversation(s) or statement(s) and identify in whose presence it occurred, and attach copies of any and all statements

**ANSWER**

17. For all persons or entities whom provided services related to the area at and around where Plaintiff allegedly fell, including the installing and/or removal of any equipment and/or objects, state the following:

(a) name;

(b) address;

(c) telephone number;

(d) dates and/or time periods in general when they provided these services;

(e) whether they made you aware of the metal bladed edge on your property.

**ANSWER**

18. Set forth your name, business address, the position you currently hold with Defendant's(s') company, and the position you held, if at all, on the date of the Incident:
**ANSWER**

19. State the name, address (present or last known) and telephone number of the person who was responsible for the maintenance and/or repairs at the Premises as of the date and time of the incident:
**ANSWER**

20. Identify all documents in existence as of the date of the Incident describing precautions, rules or operating principles and/or procedures regarding cleaning, maintaining, inspecting, waxing and/or policing the floors, including but not limited to the carpets, mats and rugs on the Premises:
**ANSWER**

21. Identify by name and address the employees or personnel of the Defendant(s)whose duty it was to clean, maintain and/or inspect the area of the Incident on the Premises on the day of the Incident, both before and after the incident:
**ANSWER**

22. How did the Defendant(s) first learn of the incident?
**ANSWER**

23. Did Defendant(s) or any entity or person at Defendant's(s') request perform any post-incident inspection, cleaning, repair, or change of the location where the Incident was alleged to have occurred?
**ANSWER**

24. Describe any substance, including the composition of the substance and its general appearance in or on the area where the Incident occurred:

**ANSWER**

25. Were any changes made to the area where Plaintiff(s) allege(s) s/he/they fell as a result of Plaintiff's(s') fall or for any other reason between the date of the Incident and today?

**ANSWER**

26. For the 24-hour period preceding the Incident, did Defendant(s) maintain any type of writing regarding the cleaning, inspection, and/or general maintenance of the area where Plaintiff(s) allege(s) s/he/they fell?

a. If so, who has a copy of the writing and what information is included in the writing.

**ANSWER**

27. For the 24-hour period subsequent to the Incident, did Defendant(s) maintain any type of writing regarding the cleaning, inspection, and/or general maintenance of area where Plaintiff(s) allege(s) s/he/they fell?

a. If so, who has a copy of the writing and what information is included in the writing.

**ANSWER**

28. Identify all restaurant licenses you had at the time of the Incident including the dates on which you applied for the license(s) and the dates upon which they were issued.

**ANSWER**

29. Identify the person(s) in charge of maintaining this Premises and the person(s) in charge of maintaining all of Defendant's(s') properties throughout Pennsylvania and the United States.

**ANSWER**

30. State the corporate structure of the Defendant's(s') business entities, including names and home addresses of all officers, directors, partners, shareholders, members and/or managers, and the dates each person joined each entity.

**ANSWER:**

31. State the date and content of any filings with Commonwealth of Pennsylvania regarding the entities listed in Interrogatories 38.

**ANSWER:**

BY:_______________/s_______________
MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff(s)*

**VERIFICATION**

I ____________________________, subject to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories, and that to the best of my knowledge, information and belief they are true and complete.

___________________________________
Signature

**SIMON & SIMON, P.C.**
Marc I. Simon, Esquire
*Attorney for Plaintiff*
Attorney I.D. No. 201798
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666

| | |
|---|---|
| Leona Bryant<br>1627 W Venango St., #2<br>Philadelphia, PA 19140<br>Plaintiff :<br>v. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>Sept Term 2024<br><br>No. |
| Walmart Stores East, LP.<br>4600 Roosevelt Blvd., Bldg G<br>Philadelphia, PA 19124<br>And | |
| Dwayne Hamilton<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | |
| Latoya McLean<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | |
| Crystal Lloyd<br>4600 Roosevelt Blvd., Bldg G,<br>Philadelphia, PA 19124<br>And | |
| BREIT NE Roosevelt Owner LLC<br>233 S Wacker Dr, Suite 4200,<br>Chicago, IL 60606<br>And | |
| Shopcore Properties, LP<br>50 South 16th St. Suite 3325,<br>Philadelphia, PA 19102<br>And | |
| ShopCore Properties TRS Management LLC<br>50 South 16th St. Suite 3325,<br>Philadelphia, PA 19102<br>Defendants | |

**PLAINTIFF'S(S') REQUEST FOR PRODUCTION**
**OF DOCUMENTS ADDRESSED TO DEFENDANT(S)**

Pursuant to the Pennsylvania Rules of Civil Procedure, the Plaintiff(s) hereby serve(s) the following Request for Production of Documents upon Defendant(s). Defendant(s) is/are to produce the documents and items identified and specified below for inspection and copying within thirty (30) days from the date of service. The requested documents and items should be made available for inspection and copying during regular business hours at the offices of Simon & Simon, PC, 18 Campus Blvd., Suite 100, Newtown Square, PA 19073, within thirty (30) days of the date of service of this Request.

## I. DEFINITIONS

Plaintiff(s) herein incorporates the definitions section in the interrogatories directed to Defendant(s) which were served simultaneously with these Requests.

## II. RULES OF CONSTRUCTION

In construing these discovery requests:

A. The singular shall include the plural and plural shall include the singular.

B. A masculine, feminine or neuter pronoun includes the other genders.

C. "And" and "or" shall be construed both conjunctively and disjunctively to bring within the scope of the Interrogatory any information which might otherwise be construed to be beyond its scope.

D. The past tense includes the present tense where the meaning is not distorted by a change of time.

E. The period of time encompassed by these requests shall be from the date of the

alleged accident to the date of answering, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

## III. <u>INSTRUCTIONS</u>

A. In producing the documents called for by this Request, segregate those documents in their original file folders into separate folders or boxes (as appropriate) numbered to correspond to the particular requests calling for their production. Insofar as reasonably possible, you are requested to maintain the integrity of any applicable filing and recordkeeping system by producing together any documents responsive to this Requests that are found together in the files.

B. If you do not respond to a document request, in whole or in part, because of a claim of privilege, set forth: the privilege claim; the facts upon which you rely to support the claim of privilege; and identify all documents for which such privilege is claimed. In particular, if you refuse to produce a document because of a claim of attorney-client privilege, identify: the author or the other persons who prepared or generated the document; the capacity in which that person was acting when he or she produced the document; all recipients of the document; and the subjects or topics discussed in the document.

C. If you maintain that any document or record was, but is no longer in existence, in your possession or subject to your control, state whether it

1. is missing or lost;
2. has been destroyed;
3. has been transferred, voluntarily or involuntarily to others; or
4. has been otherwise disposed of.

In each instance, set forth: the contents of the document; the location of any copies of the document; and the circumstances surrounding its disposition, stating the date of its disposition, any authorization therefore, the persons responsible for such disposition, and the policy, rule, order or other authority by which such disposition is made.

D. Along with your responses to each of the below-numbered document requests, (a) list and identify each person who participated in or supplied information with respect to the preparation of the response to such document requests, and (b) specify whether each such person supplied relevant information, participated in the preparation of the response, or both. If the response to any document request contains information supplied by more than one person, specify the particular information supplied by each such person.

E. This Request shall be deemed continuing, so as to require the production of any additional documents obtained between the time you serve your responses and the time of trial. Such additional documents shall be served not later than ten (10) days after they are obtained or before trial, whichever is earlier.

F. You are cautioned that at the close of discovery, Plaintiff(s) may move to exclude any documents or materials not disclosed or produced in your responses to this Request.

**DOCUMENT REQUESTS**

1. All documents which you have referenced or identified in your responses to, or which you were requested to identify in, Interrogatories of Plaintiff(s) Addressed to Defendant(s), served simultaneously with these document requests.

**ANSWER**

2. All W-2 forms of any and all employees, former and current, of Defendant(s).

**ANSWER**

3. All 1099 forms for any and all independent contractors hired by Defendant(s) prior to and/or subsequent to the Incident.

**ANSWER**

4. The entire contents of any investigation file or files and any other documentary material(s) in your possession or the possession of anyone acting on your behalf (including attorneys and insurers) who is in any way connected with the adjudication of this action or which supports or relates to your claims and/or defenses in this action (excluding references to mental impressions of counsel or his or her conclusions).

**ANSWER**

5. Reports of any and all experts you will call to testify at any trial in this action.

**ANSWER**

6. All documents, materials and tangible things you intend to use or introduce into evidence at any trial of this action, including exhibits and documentary evidence.

**ANSWER**

7. All sketches, diagrams, drawings, photographs, films, videotapes and/or other documents which depict the scene or site of the accident and/or any instrumentality therein or thereon, whether on the date of the accident or any time prior or subsequent thereto. (Please provide color copies.)

**ANSWER**

8. All documents which concern, pertain to, or identify the conduct of Plaintiff(s) as a cause or contributing cause of the accident.

**ANSWER**

9. All documents which you contend show or tend to show that the Plaintiff(s) was negligent in any fashion with respect to the Incident.

**ANSWER**

10. All documents and materials relating to any investigation of the Incident carried out by or on behalf of you regarding this action.

**ANSWER**

11. All documents relating to complaints or any other notification of conditions, including but not limited to perceived dangerous or potentially-dangerous conditions at the site of the accident which were communicated to or received by you prior to and subsequent to the accident.

**ANSWER**

12. All documents pertaining to any insurance coverage, including but not limited to liability and excess insurance coverage and all declaration sheets regarding insurance coverage you had with respect to the property at the time of the incident.

**ANSWER**

13. All documents which you used and/or relied on in answering interrogatories of Plaintiff(s) Addressed to Defendant(s), served simultaneously with these document requests.

**ANSWER**

14. All copies of any incident reports signed by or prepared by you, your agent(s), servant(s), officer(s) and/or employee(s).

**ANSWER**

15. All copies of statements of witnesses, parties, and any agent, servant, and/or employee of Defendant(s), signed or unsigned, descriptions of statements, recorded statements, or written accounts of statements. AStatements@ are defined by Pa.R.C.P. 4003.4

**ANSWER**

16. All copies of all transcriptions and summaries of all interviews conducted by the Defendant(s), or anyone acting on its behalf or that of its attorney of witnesses and/or person(s) with knowledge of the incident and/or Plaintiff's alleged injuries.

**ANSWER**

BY:____________/s____________________
MARC I. SIMON, ESQUIRE
*Attorneys for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I, Marc I. Simon, Esquire, attorney for Plaintiff(s), certify that the foregoing Plaintiff's(s') Standard Discovery Requests and Requests for Admissions were served on October 4, 2024, upon the following:

**Via Process Server**
Walmart Stores East, LP.
4600 Roosevelt Blvd., Bldg G
Philadelphia, PA 19124

/s/
MARC I. SIMON, *Attorney for Plaintiff*